**Richard J. MENKES, Plaintiff–Appellant,**

v.

**ST. LAWRENCE SEAWAY PILOTS' ASSOCIATION, Defendant–Appellee.**

**No. 07–0373–cv.**

United States Court of Appeals, Second Circuit.

March 12, 2008.

Jonathan G. Axelrod, Beins, Axelrod P.C., Washington, DC, for Appellant.

John Longstreth and Michael F. Scanlon, Kirkpatrick & Lockhart Preston Gates Ellis LLP, Washington, DC, for Appellee.

Present: Hon. RALPH K. WINTER, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. BRIAN M. COGAN, District Judge.[1]

---

1. The Honorable Brian M. Cogan, United States District Court for the Eastern District of New York, sitting by designation.

## SUMMARY ORDER

Plaintiff-appellant Richard J. Menkes ("Menkes") appeals from a January 18, 2007 judgment of the United States District Court for the Northern District of New York (McAvory, *J.)* granting the St. Lawrence Seaway Pilots Association's (the "SLSPA") motion to dismiss Menkes' complaint in its entirety. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

"We review the district court's grant of the defendants' motion to dismiss *de novo,* a standard pursuant to which we accept all of the plaintiffs' factual allegations as true and draw all reasonable inferences in favor of the plaintiffs." *Mason v. Am. Tobacco Co.,* 346 F.3d 36, 39 (2d Cir.2003).

The SLSPA is a voluntary association of seaway pilots that has been authorized by the Coast Guard to act as the U.S. pilotage pool in District One[2] of the Great Lakes and Lake Ontario. Menkes alleges that the SLSPA (1) constitutes an illegal restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1; (2) engaged in a conspiracy in restraint of trade in violation of the Sherman Antitrust Act, 15 U.S.C. § 1; (3) violated New York State's General Business Law § 340 (the "Donnelly Act"); and (4) infringed upon the freedom of association guaranteed him by the First Amendment.

An antitrust claimant must demonstrate that she has sustained an *"antitrust* injury, which is to say injury of the type the antitrust laws were intended to prevent and that flows from that which makes defendants' acts unlawful." *Daniel v. American Bd. of Emergency Med.,* 428 F.3d 408, 438 (2d Cir.2005) (quoting *Brunswick Corp. v. Pueblo Bowl–O–Mat., Inc.,* 429 U.S. 477, 489, 97 S.Ct. 690, 50 L.Ed.2d 701 (1977) (emphasis in original)). To establish antitrust injury, "a plaintiff must show (1) injury-in-fact; (2) that has been caused by the violation; and (3) that is the type of injury contemplated by the statute." *Blue Tree Hotels Inv., Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 220 (2d Cir.2004). The third factor turns on "whether defendant's conduct negatively affected competition, not whether it negatively affected a competitor." *Brunswick Corp.,* 429 U.S. at 488, 97 S.Ct. 690.

Menkes does not seek to compete with the SLSPA, but rather to work through the pilot pool operated by the SLSPA as a non-member. Menkes fails to allege that his inability to work as a non-member pilot harmed competition. Nor could he so allege, given the pervasive regulatory scheme that sets price and output for pilotage services on the Great Lakes. *See* 46 C.F.R. § 401.220 (Coast Guard approves the number of registered pilots); 46 C.F.R. § 401.405 (Coast Guard determines the rates and service standards of pilotage services). Thus, the district court correctly held that Menkes' antitrust claims fail because he does not assert a viable antitrust injury.[3]

---

**2.** District One is defined as "[a]ll United States waters of the St. Lawrence River between the international boundary at St. Regis and a line at the head of the river running (at approximately 127° true) between Carruthers Point Light and South Side Light extended to the New York shore." 46 C.F.R. § 401.300(a)(1). The designation is administrative and is not based on any economic market analysis.

**3.** New York's Donnelly Act, N.Y. Gen. Bus. L. § 340, is modeled on the Sherman Act and generally is construed in accordance with federal precedent. *See, e.g., Kramer v. Pollock–Krasner Found.,* 890 F.Supp. 250, 254 (S.D.N.Y.1995) (construing Donnelly Act claims in accord with treatment of Sherman Act claims); *Re–Alco Indus., Inc. v. National Ctr. For Health Educ., Inc.,* 812 F.Supp. 387, 393 (S.D.N.Y.1993) (same). As the district

Menkes' First Amendment claim is like-wise deficient. Without violating the Constitution, the government can compel an individual to join a professional association as a condition of employment. *See Keller v. State Bar of Cal.,* 496 U.S. 1, 8, 110 S.Ct. 2228, 110 L.Ed.2d 1 (1990) (upholding a state statute requiring that attorneys join a state bar association). Such an association can in turn require its membership to pay dues to "fund activities germane to those goals ... of all members." *Id.* at 14, 110 S.Ct. 2228; *see Amidon v. Student Ass'n of the State Univ. of N.Y.,* 508 F.3d 94, 99 (2d Cir.2007). While the expenditure of such dues may not be used to "fund activities of an ideological nature," *Keller,* 496 U.S. at 14, 110 S.Ct. 2228, nothing of the sort is alleged in the present case. The complaint is silent as to the SLSPA's pursuit of non-employment-related goals. As such, even accepting *arguendo* that the SLSPA acted under color of law in allegedly refusing to dispatch non-member pilots, the complaint nevertheless fails to state a First Amendment claim.

For the foregoing reasons, the judgment of the district court is **AFFIRMED.**

court correctly found, Menkes failed to assert any State policy that would justify construing the Donnelly Act differently from the Sherman Act in this case. Accordingly, Menkes'

Donnelly Act claim is, like his Sherman Act claim, subject to dismissal for failure to establish an antitrust injury.